IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JAHODA and THOMAS KLAUS, | ) ) ) | |
| Plaintiffs, | ) ) ) | 2:21-cv-127 |
| v. | ) ) | Judge Marilyn J. Horan |
| FRNDLY TV, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This action is brought by Plaintiffs Robert Jahoda and Thomas Klaus against Defendant Frndly TV, Inc. (Frndly TV) for discrimination under Title III of the Americans with Disabilities Act (ADA). (ECF No. 1, ¶ 1). Presently before the Court is a Motion to Dismiss filed by Frndly TV for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 8, at 2). Because the Court has subject matter jurisdiction over the Plaintiffs claims and the Plaintiffs' Complaint has alleged sufficient factual material, which taken as true, to state a claim upon which relief can be granted, Frndly TV's Motion to Dismiss will be denied.

Mr. Jahoda and Mr. Klaus are blind individuals who allege that they cannot enjoy Frndly TV's online streaming content because the provider's platform does not offer audio description tracks of its shows and movies. (ECF No. 1, ¶ 4). Because of the lack of audio description tracks, Mr. Jahoda and Mr. Klaus have not signed up for this streaming service that they would otherwise be able to enjoy. (ECF No. 1, ¶ 27).

Frndly TV argues in its Motion to Dismiss that this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) over Plaintiffs' claims because The Twenty-First Century Communications and Video Accessibility Act of 2010 (CVAA) does not

1

create a private right of action by individuals. (ECF No. 8, at 3). Plaintiffs argue in their Response that they are not bringing the present action under the CVAA but instead are bringing this action under the ADA, which creates a private right of action. (ECF No. 9, at 3-4). Although Frndly TV is correct that the CVAA does not create a private right of action, the Plaintiffs are not bringing this present action under the CVAA. Instead, the Plaintiffs bring this action under the ADA, which allows individual plaintiffs to bring suit in federal district court for alleged discrimination on the basis of disability. *See* 42 U.S.C. § 12188. Thus, this Court has subject matter jurisdiction over the Plaintiffs' ADA claims, and Frndly TV's Motion to Dismiss for lack of subject matter jurisdiction will be denied.

Frndly TV next argues within its Motion to Dismiss that the Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8, at 7-9). However, as the Plaintiffs point out in their Response, Frndly TV has failed to cite any factual material within its Motion to Dismiss explaining the basis for why the Complaint should be dismissed pursuant to Rule 12(b)(6). (ECF No. 9, at 5). Instead, Frndly TV spends two pages discussing the relevant legal standard under Rule 12(b)(6) without providing any factual or legal analysis for why Plaintiffs claims should be dismissed. Considering the relevant legal standard on a motion to dismiss under Rule 12(b)(6), *see e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016), and the failure of Frndly TV to make a legal argument for why the Complaint should be dismissed pursuant to Rule 12(b)(6), the Court finds that Plaintiffs have set forth sufficient factual allegations taken as true, to state a plausible claim for relief against Frndly TV for violations of the ADA. Discovery should be permitted as to the legal theories asserted by the Plaintiffs. Thus, Frndly TV's Motion to Dismiss for failure to state a claim upon which relief can be granted will be denied.

3

For the reasons stated above, Frndly TV's Motion to Dismiss will be denied. Defendant shall have fourteen days from the entrance of this Order to file an Answer. An appropriate Order will be entered.

Date: 4/19/2021

*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge